UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DAVID FRENTZ,<br><br>     Plaintiff,<br><br>     v.<br><br>J. BROWN LPN, at Putnamville<br>Correctional Facility, Individually, In<br>Official Capacity, et al.,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)  No. 2:25-cv-00277-JRO-MJD<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER DENYING MOTION TO RECONSIDER**

Plaintiff David Frentz, at relevant times an inmate at Putnamville Correctional Facility, filed this action pursuant to 42 U.S.C. § 1983 alleging that the defendants failed to provide him adequate medical care. The Court screened his amended complaint and permitted Eighth Amendment medical deliberate indifference claims against PN J. Brown, RN S. Snowden, RN Shelly Durr, and RN Amanda Hall. Dkt. 8.

Since that time, Frentz has filed a motion to reconsider the order screening the complaint, dkt. [11], asking the Court to reconsider permitting Eighth Amendment deliberate indifference claims against Warden Pretorius and Grievance Specialist Crabb. For the following reasons, the motion, dkt. [11], is **denied**.

## I.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(b), a court may revise a non-final order any time before the entry of judgment. *E.g.*, *Galvan v. Norberg*, 678 F.3d

581, 587 n.3 (7th Cir. 2012).  "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."  *Caisse Nationale De Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (internal quotations and citations omitted).

In determining whether an amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).  For an amended complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in the plaintiff's favor.  *See Tucker v. City of Chicago*, 907 F.3d 487, 491 (7th Cir. 2018).

## II.    DISCUSSION

Frentz seeks reconsideration of the Court's screening order which dismissed claims against Grievance Specialist Crabb and Warden Pretorious. Dkt. 11. As to Grievance Specialist Crabb, Frentz attaches to his motion exhibits of numerous grievance responses in which Defendant Crabb responded to his complaints.  He further alleges that she is liable because "Jessica Crabb did not follow grievance policy."  *Id.* at 1.  However, the Court did not err in dismissing Grievance Specialist Crabb because failing to respond to grievances or failing to

follow the IDOC's grievance policy does not violate the Constitution. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953–54 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)). Frentz has not shown that the Court erred in dismissing these constitutional claims.

Frentz has also re-attached grievance documentation regarding Warden Pretorius's personal responses to his requests for medical care that he also attached to his original complaint. *Compare* dkt. 11-1 at 5-7 *with* dkt. 1-1 at 4–7. It is clear from these exhibits that Warden Pretorius responded twice to Frentz and personally reviewed his medical documentation and treatment and "sought clarification from HSA, Ms. Snowden," to determine if he had been treated appropriately by medical staff. *Id.* Further, Frentz alleged in his complaint that he "wrote request slips to Defendant Warden T. Pretorius trying to get help with getting medical treatment . . ." and cited to this grievance documentation in his complaint, thereby incorporating it into his pleading. Dkt. 1 at 6–7. Frentz's allegations and exhibits regarding his requests and the Warden's personal responses sufficiently allege the Warden had personal involvement in his requests for medical assistance and personally responded regarding the status of his back pain management. The Court concedes its error in the original screening order dismissing the Warden for lack of personal involvement. *See* dkt. 8 at 3.

However, while the Court now agrees with Frentz that he has alleged Warden Pretorius's personal involvement, the grievance documentation attached to the complaint forecloses any plausible inference that the Warden acted with deliberate indifference that would support an Eighth Amendment claim. Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "The linchpin is a lack of professional judgment." *Campbell v. Kallas*, 936 F.3d 536, 544–45 (7th Cir. 2019).

The grievance documentation attached to the complaint clearly reflects that the Warden exercised professional judgment in responding to the questions raised by Frentz. The responses reflected a thoughtful consideration of the objective medical data available to the Warden and do not reflect any fact from which the Court could plausibly infer deliberate indifference to Frentz's medical condition. In other words, Frentz has plead himself out of court by providing sufficient detail from which the Court may confirm, even at this stage, that he has not plausibly stated an Eighth Amendment claim against the Warden. *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008) ("[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim."); *e.g.*, *Atkins v. Trueblood*, No. 2:18-cv-00554-JRS-DLP, 2019 WL 5291039, at *1-2 (S.D. Ind. Oct. 17, 2019) (describing prisoner grievance records attached to the complaint and holding prisoner "has pleaded such detail, describing and showing that [the

4

medical professional] was treating him for his heart condition, that he has essentially pleaded himself out of court" on Eight Amendment deliberate indifference claim).

### III.    CONCLUSION

For the foregoing reasons, the motion for reconsideration, dkt. [11], is **denied**.

**SO ORDERED.**

Date:  7/7/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

DAVID FRENTZ
160643
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel

Electronic Notice to the IDOC Employee:
    Warden Pretorious
    (At Putnamville Correctional Facility)